IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMEER AZIZ,<br>    Plaintiff | : <br> : <br> : CIVIL NO. 1:13-CV-859 |
| v. | : <br> : (Judge Caldwell) |
| U.S. ATTORNEY GENERAL, *et al.*,<br>    Defendants | : <br> : |

*M E M O R A N D U M*

I. *Introduction*

Ameer Aziz is an immigration detainee in the custody of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE). He is currently detained at the York County Prison in York, Pennsylvania. Aziz files this civil rights action *pro se*. He claims that on October 10, 2012, an unidentified dentist at the prison extracted two of his teeth without his consent. Named as defendants are: the Attorney General; Thomas Decker, the ICE District Director of the Pennsylvania Field Office Detention; Mary Sabol, the prison's warden; and PrimeCare Medical, Inc. (PrimeCare), the contract medical provider for the prison.

Plaintiff has filed an application to proceed *in forma pauperis*. This application will be granted, but in examining the complaint under 28 U.S.C. § 1915(e)(2)(B) for legal sufficiency, we will dismiss the complaint as to all defendants except Primecare Medical, and grant Aziz leave to file an amended complaint.

II.     *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), the court must review a complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, subsection (B)(I), fails to state a claim on which relief may be granted, subsection (B)(ii), or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(iii).

In applying subsection (B)(ii), the screening requirement for failure to state a claim, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964–65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.,* 127 S.Ct. at 1965 (quoted case omitted).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III. *Background*

Plaintiff alleges as follows. On October 10, 2012, while housed at the prison, he was seen by an unidentified dentist. The dentist advised Aziz that one of his teeth was broken and needed to be removed. He was also informed that another tooth had a hole in it, could not be repaired, and also had to be extracted. Aziz agreed to the extraction of these teeth. (Doc. 1, ECF p. 4). After administering medication to numb Aziz's mouth, the dentist identified two additional teeth that he suggested should be removed. (*Id.*) Citing no problems with the two teeth, Aziz told the dentist not to remove those two. (*Id.*)

The next day, after the numbing medication wore off, Aziz discovered that the dentist had not only removed the two teeth he had authorized to be extracted but also the two he specifically told the dentist he wanted to keep. An exhibit attached to the complaint indicates that Plaintiff believes that the dentist has unnecessarily extracted the teeth of

other ICE detainees without their permission and that he is practicing "a scam o[n] aliens." (Doc. 1, ECF p. 10).

As relief, Plaintiff seeks damages for the loss of his two teeth, damages for the pain and suffering caused by the dentist's negligence, and an order requiring that any future dental work be done by a dentist of his own choice. (*Id.*, ECF p. 5).

IV. *Discussion*

    A. *Aziz's Request to Proceed In Forma Pauperis.*

As Aziz is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h), 28 U.S.C. § 1915A(c) or 42 U.S.C. § 1997(h), he is not subject to the periodic payment of the filing fee required by 28 U.S.C. § 1915(a)(2). *See Agyeman v. INS*, 296 F.3d 871, 885-85 (9th Cir. 2002) (filing fee provision does not apply to an alien detainee appealing a BIA decision so long as he is also not facing criminal charges); *Omosefunmi v. York Cnty. Prison*, No. 1:CV-00-2228 (M.D. Pa. Feb. 2, 2001) (Caldwell, J.) (INS detainee is not a prisoner within the meaning of section 1915 and cannot be compelled to pay the full filing fee installments under section 1915(b)). *See also Tavares v. Attorney General*, 211 F. App'x 127, 128 n.2 (3d Cir. 2007) (nonprecedential) (immigration detainee was not a "prisoner" so his dismissed civil-rights lawsuit could not count as a "strike" against him under section 1915(g)). Accordingly, the court will grant Aziz leave to proceed *in forma pauperis*, and without the requirement of making periodic payments of the filing fee. We will thus vacate the Clerk of Court's Administrative Order (Doc. 8) directing prison officials to make periodic payments from Plaintiff's account and order the reimbursement of any funds already forwarded to the court pursuant to the order.

B. *Lack of Personal Involvement of the United States Attorney General, Thomas Decker and Mary Sabol*

Plaintiff's claim against the state defendant, Warden Sabol, arises under 42 U.S.C. § 1983. His claims against the federal DHS/ICE officer (Thomas Decker) and the United States Attorney General arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)).

Recovery under § 1983 requires proving that "a person acting under color of state law" deprived the plaintiff of a "right secured by the Constitution and the laws of the United States." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3d. Cir. 1995)). To establish personal liability against a defendant in a section 1983 action, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). Personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*,

845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

Based on the above, Aziz fails to state a claim against Warden Sabol, Thomas Decker or the Attorney General. Aziz does not allege their personal involvement, or their knowledge or acquiescence, in the alleged unconstitutional behavior of the unidentified dentist. Aside from appearing in the caption of the Complaint, Aziz only mentions these defendants when he reports "I am currently detained here by the Attorney General, Thomas Decker and Mary Sabol." (Doc. 1, ECF p. 4). It is therefore apparent that Aziz seeks to hold these defendants liable solely on the basis of their supervisory roles. He cannot do so. Because he has failed to allege any facts showing that they were personally involved in the underlying claim, Warden Sabol, Thomas Decker and the Attorney General will be dismissed as parties to this action.

C. *Primecare Medical, Inc.*

PrimeCare, like the public officials named above, cannot be held liable on a theory of respondeat superior in a civil-rights action. *Reichart v. Prison Health Services*, No. 11-CV-1992, 2012 WL 2411838, at *4 (M.D. Pa. June 26, 2012) (Caldwell, J.). Instead, Plaintiff must show that he suffered a violation of his federal rights because of a

PrimeCare policy, practice or custom. *Id.* Plaintiff fails to allege that PrimeCare had any such practice, policy or custom. Hence, the civil-rights claim against PrimeCare will be dismissed but with leave to amend his Complaint to state a claim against this defendant, if possible.

   D.   *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In this instance, the court believes that any amendment for Aziz's claims against Warden Sabol, Thomas Decker and the Attorney General would be futile. However, it is possible that the deficiencies noted above may be remedied by amendment as against PrimeCare. Aziz may also be able to identify the dentist who allegedly was personally involved in extracting his two teeth against his will.

Aziz will be granted twenty-one days to file an amended complaint. If Aziz decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Aziz is advised that any amended complaint he may file supersedes the original complaint.

Aziz is also advised that his second amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually

numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). He also shall specify the relief he seeks with regard to each claim. Aziz's failure to file an appropriate amended complaint within the required time will result in this action being dismissed, but without prejudice to filing any state-law claims in state court.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: June 26, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMEER AZIZ,
    Plaintiff

v.

U.S. ATTORNEY GENERAL, *et al.*,
    Defendants

CIVIL NO. 1:13-CV-859

(Judge Caldwell)

# *O R D E R*

AND NOW, this 26th day of June, 2013, in accordance with the accompanying memorandum, it is ORDERED that:

    1. Aziz's applications (Docs. 2 and 6) to proceed *in forma pauperis* are GRANTED and, based on the financial condition described in those applications, he may proceed in this action without payment of any of the filing fee.

    2. The administrative order (Doc. 8) of April 19, 2013, which required the prison to make periodic payments on the filing fee from Plaintiff's prison account, is vacated.

    3. The Clerk of Court is to refund Aziz any portion of the filing fee received to date, approximately $49.01.

    4. Aziz's claims against the United States Attorney General, Thomas Decker and Warden Mary Sabol are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim for which relief can be granted.

    5. Within twenty-one (21) days from the date of this order, Plaintiff may file an amended complaint in this action in accordance with the foregoing Memorandum.

    6. The Clerk of Court shall forward to Plaintiff two (2) copies of this Court's prisoner civil-rights complaint form which Plaintiff shall use in preparing any amended complaint he may file.

7. Failure to file an amended complaint as directed within the required time will result in dismissal of ths action, but without prejudice to filing state-law claims in state court.

                                           /s/ William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge